UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LUBLEEJOY GRANT,  :
 :
                Plaintiff, : **MEMORANDUM & ORDER**
 : **ADOPTING REPORT &**
 : **RECOMMENDATION**
HER IMPORTS NY, LLC, HER IMPORTS LLC, :
HER HOLDING, INC., and EZJR, INC. : 15-cv-5100 (DLI)(LB)
 :
                Defendants. :
----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief Judge:**

       Before the Court are HER Holding, Inc.'s ("HER Holding") and EZJR, Inc.'s ("EZJR" and together with HER Holding, "Moving Defendants") Objections to the Report and Recommendation ("R&R") issued by the Honorable Lois Bloom, United States Magistrate Judge, on February 16, 2018 ("Objections"), recommending that: (i) Moving Defendants' motion for summary judgment ("Defendants' Motion" or "Def. Mot.") be denied; and (ii) Lubleejoy Grant's ("Plaintiff") motion for summary judgment ("Plaintiff's Cross-Motion" or "Pl. Cross-Mot.") be granted, in part, and denied, in part. For the reasons set forth below, the R&R is adopted in its entirety.

## BACKGROUND[1]

       On September 1, 2015, Plaintiff initiated this action alleging that Defendants failed to compensate her for the hours that she worked as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.* and § 650 *et seq.* (Compl., Dkt. Entry No. 1.) Defendants HER Imports NY, LLC and HER Imports LLC (collectively "HER Imports") defaulted in this action. (*See* Clerk's Entry of

---

[1]     The Court assumes familiarity with the facts of this case, which are set forth in greater detail in the R&R. (R&R at 1-12.)

Default, Dkt. Entry Nos. 49 and 50, respectively.) While the Clerk entered the Notation of Default, Plaintiff never moved for default judgment against these entities.

On May 18, 2017, Moving Defendants filed the instant motion for summary judgment, contending that neither entity employed Plaintiff. (Def. Mot., Dkt. Entry Nos. 56-61.) Plaintiff cross-moved for summary judgment on the grounds that: (i) Plaintiff was an employee, not an independent contractor, and (ii) Moving Defendants were Plaintiff's employers under multiple theories. (Pl. Cross-Mot., Dkt. Entry Nos. 62-71.)

On October 16, 2017, this Court referred Moving Defendants' Motion and Plaintiff's Cross-Motion to Magistrate Judge Bloom for the issuance of an R&R. On February 16, 2018, the magistrate judge issued the R&R, recommending that Moving Defendants' Motion be denied. (R&R at 37.) The magistrate judge recommended further that Plaintiff's Cross-Motion be granted "on her claims that defendant HER Holding operated as a single integrated enterprise with HER Imports and that EZJR operated as a joint employer with HER Imports and HER Holding under the FLSA" and that the remainder of the motion be denied. (*Id.*) The magistrate judge found that genuine issues of material fact existed as to "whether plaintiff qualifies as an 'employee' under the law, or was an 'independent contractor'." (*Id.* at 3.)

With respect to whether HER Holding and EZJR qualify as "employers", the magistrate judge made the following findings of fact and conclusions of law: (i) the record does not support a finding that EZJR is a joint employer under the formal control test articulated in *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984) (R&R at 26-27); (ii) however, under *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir. 2003), EZJR operated as a joint employer along with HER Imports and HER Holding functionally controlling those originally hired by HER Imports (*Id.* at 27-30); and (iii) that, under *Bautista v. Beyond Thai Kitchen, Inc.*,

2015 WL 5459737, at *3 (S.D.N.Y. Sept. 17, 2015), EZJR was a substantial continuity of HER Imports (*Id.* at 30-35). As to the threshold question of whether plaintiff qualified as an employee under the FLSA and NYLL, the magistrate judge found that the record is replete with disputed facts and, therefore, summary judgment should be denied. (R&R at 36-37.)

On March 2, 2018, Moving Defendants timely objected to all aspects of the R&R that recommended denial of their motion. ("Objections", Dkt. Entry No. 75.) Specifically, the Objections challenge the magistrate judge's findings that: (1) that HER Holding is a single integrated employer with HER Imports; and (2) that EZJR is a joint employer with HER Imports. (Objections at 2.) On March 30, 2018, after having been granted an extension by the Court, Plaintiff timely opposed Moving Defendants' objections. (Opp. to the Objections, Dkt. Entry No. 77.)

## DISCUSSION

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise

3

. . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Court has reviewed the R&R *de novo* with respect to Defendant's objections, and has reviewed the remainder of the R&R for clear error. For the reasons set forth below, the Court adopts the thorough and well reasoned R&R in its entirety.

**1. The Magistrate Judge Correctly Found HER Holding is a Single Integrated Enterprise with HER Imports**

First, Moving Defendants challenge the magistrate judge's finding that HER Holding was a single integrated enterprise with HER Imports and, therefore, if Plaintiff is found to have been an employee (rather than an independent contractor), HER Holding may be held liable. (Objections at 11.) Having reviewed these findings in detail, the Court adopts the magistrate judge's conclusion.

The magistrate judge considered, and properly rejected, Moving Defendants' argument that HER Holding could not be an employer of Plaintiff because it was formed the same month that Plaintiff resigned. (R&R at 21.) The magistrate judge rejected this contention because it ignores the economic reality that HER Holding is an extension of HER Imports pursuant to an assignment. (*Id.*) As the magistrate judge noted, "HER Holding was incorporated for the sole purpose of

4

receiving royalties that EZJR was required to pay HER Imports under their Agreement after HER Imports' bank account was frozen in March 2015." (*Id.* at 22.)

Under the four-part test adopted by the Second Circuit, which was applied properly by the magistrate judge, the Court must consider whether two companies exist with "(1) [an] interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d Cir. 1995). The record supports that, pursuant to each of these factors, HER Imports and HER Holding were a single integrated enterprise. (R&R at 22.)

Moving Defendants argue that the analysis of these factors is immaterial, relying on *Bricklayers and Allied Craftworkers Local 2 v. C.G. Yantch, Inc.*, 316 F. Supp.2d 130, 143 (N.D.N.Y. 2003), for the proposition that the "single employer doctrine generally applies where the entities *concurrently* perform the same function and one entity recognizes the union and the other does not." (italics in original). (Def. Mot. at 13.) As an initial matter, *Bricklayers*, is not controlling precedent as it was decided by a court of concurrent jurisdiction, but it could be persuasive. Notably, however, *Bricklayers* does not support Moving Defendants' position. The court held in *Bricklayers* that the two entities in question were a single integrated enterprise even though: (1) they existed simultaneously only for two months; (2) they did not operate concurrently at the time of the alleged delinquency; and, (3) at the time of the lawsuit only the latter entity existed. 316 F. Supp.2d at 143. Here, as in *Bricklayers*, the management, facilities, and trade that the two entities used remained the same. (R&R at 21.) Given these facts, the magistrate judge's holding that HER Holding and HER Imports were a single integrated enterprise was a proper extension of the logic of *Bricklayers* and a proper application of *Cook*. Accordingly, the recommendation is adopted.

### 2. EZJR Was A Joint Employer With HER Imports

An individual may be employed directly by one entity while being required to work under circumstances that justify the conclusion that they are constructively employed by an additional legal entity. *Arcuelo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 198 (2d Cir. 2005). "Federal regulations and the Second Circuit recognize the possibility of joint employment for purposes of determining FLSA responsibilities." *Godlewska v. HAD*, 916 F. Supp.2d 246, 257 (E.D.N.Y. 2013) (citing 29 C.F.R. § 791.2(a) and *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir. 2003).) Courts in this circuit apply both a "formal control test" and a "functional control test" to determine whether an entity operated as a joint employer. *See Zheng*, 355 at 69 ("In our view, the broad language of the FLSA [ ] demands that a district court look beyond an entity's formal right to control the physical performance of another's work before declaring that the entity is not an employer under the FLSA.") The magistrate judge found that while EZJR did not exercise formal control over Plaintiff, it did exercise functional control. (R&R at 30.)

To determine if the purported joint employer exercises functional control over workers, courts examine:

> (1) whether the purported joint employer's premises and equipment were used for the plaintiff['s] work; (2) whether plaintiff [worked] for an organization that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiff[] performed a discrete line job that was integral to the purported joint employer's process of production; (4) whether responsibility under the contracts could pass from one [purported joint employer] to another without material changes; (5) the degree to which the purported joint employer supervised plaintiff['s] work; and (6) whether plaintiff[] worked exclusively or predominantly for the purported joint employer.

*Godlewska*, 916 F. Supp.2d at 257 (citing *Zheng*, 355 F.3d at 72).

Although this test remains a useful guide, in *Zheng* the Second Circuit specified that a court is "also free to consider any other factors it deems relevant to its assessment of the economic realities." 355 F.3d at 72 (instructions on remand to district court).

The magistrate judge found that the first four factors weigh in favor of finding that EZJR was a joint employer and the final two factors weighed against such a finding. (R&R at 28.) The magistrate judge noted that the first four factors relate to the significant continuity of the operations and business relationship between HER Imports and EZJR. In light of Plaintiff's lack of direct interaction with EZJR personnel, the fifth and sixth factors, which relate to EZJR's interaction with Plaintiff, support defendants' position that EZJR was not a joint employer. (R&R at 29.) EZJR objected to the magistrate judge's finding regarding the first four factors. (Objections at 13-18.) After review of the record and the papers submitted, the Court agrees with the magistrate judge's analysis, which displays a thorough and careful consideration of the record.

As to the first factor, control of the premises, EZJR contends that its headquarters are in Las Vegas, Nevada not Brooklyn, New York where Plaintiff worked. (Objections at 15.) EZJR further contends that its personnel did not select or visit the store where Plaintiff worked, and that it was not on the lease for the Brooklyn store. (Objections at 14.) However, these facts are not dispositive of the functional control prong and were not the basis of the magistrate judge's finding.

The magistrate judge noted that EZJR owned the equipment used and products sold in HER Imports' retail stores beginning October 1, 2014. (R&R at 27.) Further, EZJR purchased all of HER Imports products as of October 1, 2014, and used both the retail store locations and their eCommerce platform to sell and promote the HER Imports brand products. (*Id.*) EZJR also equipped all domestic retail stores with the POS equipment used to record sales. (*Id.*) Thus, any

hours plaintiff worked from October 1, 2014 onward were spent selling EZJR's property and using EZJR's equipment to do so. (*Id.*).

The "control of the premises" factor, like the rest of the functional control test, is not decided solely by resort to the name on the lease, but rather any factors a court "'deems relevant to its assessment of the economic realities' of a given employment situation." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 138 (2d Cir. 2008) (quoting *Zheng*, 355 F.3d at 71–72). After careful consideration of the record as a whole, the magistrate judge properly concluded that EZJR exercised functional control over the premises where Plaintiff worked.

These facts also are relevant to the third factor, whether Plaintiff performed discrete work integral to EZJR's operations. The Second Circuit has noted that there is no "bright-line distinction" categorizing an employee's work with respect to the third factor. *Zheng*, 355 F.3d 73. The magistrate judge correctly concluded that, although Plaintiff did not work directly for EZJR, because EZJR relied on HER Imports staff to sell products in the retail store locations, her work was integral to EZJR's business. (R&R at 30.)

Additionally, the magistrate judge concluded that business shifted somewhat seamlessly between EZJR and HER Imports, despite the more formal responsibilities outlined in their Agreement. (R&R at 28.) EZJR objects contending that Her Imports was in charge of the brick and mortar locations and sales, while EZJR was focused on eCommerce. (Objections at 5.) However, the record, as detailed in the R&R, shows this division was illusory in several respects. Soon after the agreement was signed, EZJR began paying rent directly for the lease on the Brooklyn store. (R&R at 28.) EZJR also was responsible for reimbursing HER Imports for costs, including the costs of staffing the stores. (*Id.*) EZJR also assisted with payroll, including a payment to the Plaintiff that EZJR counted as an offset to the next royalty payment due from HER

8

Imports. (*Id.* at 28-29.) When EZJR became involved in the store, Plaintiff's method of receiving pay changed. (*Id.*) Notably, at his deposition, EZJR's CEO testified that he did not believe HER Imports could open a store in the United States without his approval. (*Id.*) Finally, under their agreement, EZJR was in control of gross revenues. (*Id.*)

After consideration of these factors and the economic reality of their arrangement and operations, the Court adopts the magistrate judge's conclusion that EZJR was a joint employer with HER Holding.

> **3. The Magistrate Judge Did Not Err in Concluding Questions of Fact Exist as to Plaintiff's Employment Classification Under the FLSA**

As the magistrate judge concluded, no defendant here has liability if Plaintiff is an independent contractor and not an employee. Neither party objects to the magistrate judge's conclusion that there are genuine issues of material fact as to Plaintiff's employment classification. As such, the Court reviews this conclusion for clear error. After reviewing the R&R and the record, the Court agrees that genuine issues of material facts remain regarding the employment relationship between Plaintiff and the Defendants and that summary judgment cannot be granted to either party on this point.

[PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

Upon due consideration and review, the objections to the R&R are overruled, and the magistrate judge's thorough and well reasoned R&R is adopted in its entirety.  Accordingly, it is hereby ORDERED that:  (i) Defendant's Motion is denied, and (ii) Plaintiff's Cross-Motion is denied in part and is granted to the extent that EZJR and HER Holding are deemed to have operated as employers with HER Imports.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2018

/s/
DORA L. IRIZARRY
Chief Judge